Judge Mills
delivered the Opinion of the Court.
Bodley, as complainant, filed his bill in the court below, relying on the specialty of his entry for relief against an elder adverse patent. The entry on which he relies is one for 20.000 acres, in the name of Tibbs &r. which was held valid by this court, in the case of M’Kee vs. Bodley &c. 2 Bibb 481, to which reference is made for its calls and merits. The testimony is as strong in favour of the entry in this case as it was in that, and the same entry has been so often supported by this court, as well as the supreme court of the nation, that the counsel for the plaintiffs in error, has not questioned its validity here.
The plaintiffs in error relied on their elder grant, and the undisturbed possession under it for more than twenty years before, the commencement of this suit, and made out that defence in proof.
The- court below held this defence unavailing, because the patent of Bodley was not twenty years old when the suit was brought, and decreed a surrender of the legal estate, and reverse that decree this writ of error is prosecuted.
Right of the holder of the superior entry to maintain his bill against an adversary claimant commences with the issuing of the adversary grant.
Hence the commencement of the time to her the bill is not postponed to the date of the junior grant.
Alledged arrangement with the widow in possession, relied on by Bodley as avoiding the bar by the lapse of time.
Character of the occupant’s possession may be changed from the adverse to the amicable, and so the bar avoided.
*249 The reason for this decision is so palpably untenable, that the counsel for Bodley in this court. lots candidly surrendered it as indefensible. If Bodley or his alienor, could not have maintained his suit in equity till the emanation of the grant, this reason would have been correct, by analogy to the decision of this court at common law, which has held the defence of twenty years possession insufficient to toll a right of entry, which could not exist before a patent, when the patent was not twenty years old. But as Bodley’s envy existed before the grant of the defendant below, and that grant was more than twenty years old at the communacation of this suit, his right to sue in unity commenced at, the emanation of that grant, and existed ever since. Till by his laches he has lost it, in consequence of the undisturbed occupancy of his adversaries.
It is, however, contended, that the decision of the court below is right for another reason, a parent in the record, and not relied on in the court below The ancestor of the plaintiff in error, settled on the land under the elder grant, in she year 1794. and some time thereafter died, leaving his widow and children in possession. The widow continued her residence, by the indulgence of her children, or probably under the provisions of the Act of Assembly, which authorizes a widow to posess the mansion house, and tract of her deceased husband, till her dower is assigned, In this situation, in the year 1801, or 1802, Bodley verbally agreed with and promised the widow, that he would not disturb or turn her out of possession, or deprive her of a home during her natural life, and the. widow continued to enjoy the possession, in some degree unmolested, till this suit was brought; and it is now insisted that this agreement sufficiently accounts for the lapse of time, and that Bodley, for this indulgence, ought not to be bared.
It is readily, conceded, that agreements may be made between a claimant and an occupant, whereby the title of the claimant is acknowledged, and the possession be changed from an adverse to an amicable possession, and which may destroy the effect of *250 lapse of time as a bar, both at law and in equity but we cannot admit that this is one of that character.
Promise of the adversary claimant to the widow in possession, that she shall not be turned out, does not avoid the running of the limitation.
Residence of the ancestor before his death, and continued occupancy of the widow afterwards, will constitute a bar for the heirs against an adversary claimant—
—In such case the widow could not change the character of her possession without the heirs’ concurrence.
Haggin, for plaintiff; Crittenden, for defendant.
The tenant here does not seem to have acknowledged the. laud to belong to Rodley, nor did she agree to hold under him; but it has the appearance of gratuitous kindness in Rodley, that lie would not turn her out with out a home in the event of his being successful in recovering the land, and there is nothing in it which prevented him from commencing and prosecuting his suit for the land to a final decree, and then suspending his execution in fullfilment of his promise.
Moreover, the residence of the ancestor before his death, and the continued occupancy of the widow was a possession, of which the heirs might avail themselves by their plea, and they were the necessary parties to this soil, and we are not disposed to admit that the widow- had the right to convert the adverse possession into a friendly one, without their concurrence, so as to prevent them from relying on lapse of time as a bar 10 relief against their title. We, therefore, conceive that there is nothing in the agreement which prevented Badley from bringing’ his suit, or calculated to loll him into supineness, or to change the adverse possession into one consistent with his title, and the heirs, therefore, were entitled to very upon in the length of time to defeat him, and their defence ought, to have been sustained.
The decree is, therefore, reversed, with costs, and the cause remanded, with directions to dismiss the bill with costs.